1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  CORNELL WYLE WILLIS,                    No.  2:14-cv-2002 KJN P

12                 Petitioner,

13         v.                               ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14  J. PRICE, Acting Warden,[1]

15                 Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

19         Examination of the in forma pauperis application reveals that petitioner is unable to afford

20  the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28

21  U.S.C. § 1915(a).

22         The exhaustion of state court remedies is a prerequisite to the granting of a petition for

23  writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

24  explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion, thus, may

---

[1]  Petitioner named the People of the State of California as the respondent.  However, the current Acting Warden of the Deuel Vocational Institution is J. Price, who is substituted as respondent in this matter.  Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

[2]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1

not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  The claims have not been presented to the California Supreme Court.  Indeed, petitioner's conviction is not yet final, and he concedes that his appeal is still pending in the California Court of Appeal for the Third Appellate District.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis is granted;

2.  The Clerk of the Court is directed to substitute J. Price, Acting Warden, as respondent herein;

3.  The Clerk of the Court is directed to (a) assign a district judge to this case and (b) serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and

---

[3]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  Recommendations."  Petitioner is advised that failure to file objections within the specified

2  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

3  (9th Cir. 1991).

4  Dated:  September 11, 2014

5

6  /will2002.103

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28